*Municipal Court of the City of Boston*
*For Civil Business*
No. 350305
**JACK ZUCKER**
v.
**JENNIE KOOCHER**
(Jan. 26 - Mar. 30, 1953)

*Adlow, J.* In this action the plaintiff seeks to recover an overcharge of rent under the provision of the Federal Housing and Rent Act of 1947 as amended.

It appears that on May 22, 1951 Jennie Koocher filed with the office of Rent Stabilization in Boston a statement with respect to the terms and conditions of the tenancy of Jack Zucker who rented an apartment from her at 3 Boulevard Terrace, in Allston. In this statement she alleged that the date when the apartment was first rented after the "Maximum Rent date" was April 15, 1951, and that the rent on that date was $60.00 a month. There was evidence that between 1948 and March of 1951 the same apartment was rented to another tenant whose rent was $50.00 a month, *plus charges for electricity and gas,* which averaged about $6.00 a month.

Two questions are raised by this report. The first concerns the propriety of the court's ruling in admitting in evidence a letter dated October 6, 1952 sent to the Office of Rent Stabilization by the defendant and signed by her. The admission of this letter was proper. Its unquestioned authenticity as the statement of the defendant makes its contents admissible against her.

The second question concerns the propriety of the court's refusal to rule that the maximum rent as established by the statement filed by the defendant with the Office of Rent Stabilization was conclusive on all parties and could not be ignored by the court in determining the question of an overcharge. There was no error in the refusal of the court to so rule.

The Federal statutes and regulations applicable to the situation in issue have been set forth in detail in Dunlap v. Navarro, 326 Mass. 700, 701. Without citing the elaborate details essential to the proper identification of the statute and the amendments thereto, it is sufficient to note that the situation is governed by the amendments to the 1947 Housing and Rent Act as revealed by the Housing and Rent Act of 1948 and the same act of 1949. For purposes of simplicity and ease of reference we shall refer to same as the Housing and Rent Act of 1947 as a-mended and the Rent Regulations promulgated pur-

suant to same.

Whether the statement filed by the defendant with the Office of Rent Stabilization was conclusive depended on whether it had been filed properly. Section 83 of the Rent Regulations promulgated pursuant to the Housing and Rent Act of 1947 as amended states that the maximum rent for housing accommodations first rented on and after July 1, 1947 shall be the first rent for such accommodations. This section further requires that the landlord shall within 30 days after renting said accommodations file a proper registration statement in the area rent office.

In the light of Section 83 of the Rent Regulations it is obvious that the *defendant did not file a registration as required by law*. Not only did she fail to file it within 30 days of the renting; she did not file it during the entire tenancy of the first tenant. This tenancy ran from 1948 to March of 1951. Not until May 1952 did the defendant file a registration and then she reported not the first rental after July 1, 1947, but the second rental. The registration filed by her was not a proper one and hence was without effect.

Under the provisions of Section 83 of the Rent Regulations the maximmuum rent was the first rent charged after July 1, 1947. What the first rent charged was a question of fact to be ascertained from the evidence. There was ample evidence from which the court could determine what this first rent was, and there was ample evidence from which the court could decide the extent of the overcharge. Counsel for the defendant appears to overemphasize the importance of the registration on file at the Rent Office. We are aware of nothing in the Act which confers a conclusive character on such a statement or which prevents parties in interest from revealing what the true maximum rent was.

Section 205 (a) Housing and Rent Act of 1947 as amended makes anyone guilty of receiving rent in excess of the maximum rental liable for said over-

charges as well as for penalties and counsel fees. In the exercise of the rights conferred by this section the plaintiff has brought this action, and there was ample evidence to warrant the finding made by the court in his behalf.

Report dismissed.

Charles J. Abizaid, Attorney for plaintiff.

Nathaniel H. Ponn, Attorney for defendant.